IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTINA PAYLAN, M.D.,

    Plaintiff,

v.                                                                      CASE NO. 1:15-cv-159-MW-GRJ

SCOTT TEITELBAUM, et al.,

    Defendants.

_____/

# REPORT AND RECOMMENDATION

Pending before the Court is Defendant University of Florida Board of Truestees' ("UFBOT") Motion for Summary Judgment, ECF No. 33. Plaintiff, Christina Paylan, M.D. ("Dr. Paylan"), has filed a response in opposition, ECF No. 52, and therefore the motion is ripe for review. For the reasons discussed below, the undersigned recommends that UFBOT's motion be denied.

## I. BACKGROUND

Although the motion for summary judgment concerns only the narrow issue of whether Dr. Paylan provided sufficient pre-suit notice of her claims in this case, a brief overview of the background of the dispute in this case is in order.

Dr. Paylan is a cosmetic surgeon in Hillsborough County, Florida. On July 31, 2015, Dr. Paylan initiated this case by filing a complaint under 42 U.S.C. § 1983, naming three defendants and alleging constitutional violations and state law claims. ECF No. 1. Plaintiff's complaint was later amended to name only Scott Teitelbaum, M.D. ("Dr. Teitelbaum") and UFBOT as defendants. ECF No. 31.

Dr. Paylan alleges that she was arrested in 2011, requiring her to visit the Florida Recovery Center to assess allegations of drug abuse. On June 20, 2011, Dr. Paylan visited the Florida Recovery Center, at the University of Florida Shands Hospital, where she was informed that Dr. Teitelbaum had ordered her to a lock-down unit at Shands Psychiatric Hospital. Dr. Paylan left Shands Hospital, believing this order to be some kind of error.

On August 2, 2011, Dr. Paylan returned to the Florida Recovery Center and was required to pay $3000 for diagnostic testing to rule out drug abuse. Dr. Paylan alleges that she was subject to an unlawful search and seizure of her person and belongings at the Florida Recovery Center. Dr. Paylan says she was told she was required to attend a group therapy session, to which she objected. She asked to speak to Dr. Teitelbaum, the

doctor in charge of the Florida Recovery Center.  She alleges that after she spoke with Dr. Teitelbaum, a Marchman Act proceeding was wrongfully instituted against her.

Dr. Paylan alleges that the Marchman Act proceeding was initiated as the result of Dr. Teitelbaum's disparagement and defamation of her. According to Dr. Paylan, Dr. Teitelbaum wrote false medical reports and used fabricated information to justify the initiation of the Marchman Act proceeding. Specifically, Dr. Paylan alleges that Dr. Teitelbaum fabricated the existence of a videotape showing Dr. Paylan injecting Demerol. After the initiation of the Marchman Act proceeding, Dr. Paylan was transported to the psychiatric unit at Shands Hospital, where she was kept for more than eight hours.

Following this event, Dr. Paylan alleges that Dr. Tietelbaum published false information about her to the media, to the staff at the Florida Recovery Center, and to the Department of Health and other evaluators. Dr. Paylan says Dr. Tietlebaum's publication of false information about her created irreparable harm to her reputation in the medical community and labeled her as a drug addict.  Dr. Paylan says that as a result of these events her medical license was suspended by the

Florida Board of Medicine.

According to Dr. Paylan, UFBOT is liable as a result of its failure to sufficiently train its agents. She says this deficiency is a part of the official policy of the University of Florida. According to Dr. Paylan, UFBOT's failure to instruct, train, and properly supervise Dr. Teitelbaum caused or substantially contributed to the harm to her. Dr. Paylan alleges that such practice continues to occur at the Florida Recovery Center.

As relief Dr. Paylan requests $2,000,000 in compensatory damages, $30,000,000 for punitive damages, and a declaratory judgment finding that UFBOT conducts unlawful transactions, and that Defendants acted in a way that constituted fraud upon Dr. Paylan. Dr. Paylan also requests injunctive relief prohibiting Defendants from treating individuals before diagnosing them at the Florida Recovery Center. ECF No. 31 at 34–35.

## II. SUMMARY JUDGMENT MOTION AND EVIDENCE

UFBOT requests summary judgment in its favor on all state law claims on two grounds. First UFBOT contends that Dr. Paylan failed to allege in her amended complaint that she provided proper pre-suit notice to the Department of Financial Services ("DFS"), as required by Florida law. Second, UFBOT argues that in addition to failing to allege proper pre-suit

notice, Dr. Paylan in fact failed to provide pre-suit notice.  UFBOT requests the Court to dismiss Dr. Paylan's state law claims because the state law claim are now time barred and cannot be cured.

UFBOT asserts that as a state agency or subdivision of Florida, a state law claim can only be brought against it when the notice requirements of § 768.28, Florida Statutes, have been met. Under Fla. Stat. § 768.28(6)(a) (2016), notice must be provided to the appropriate agency and to the Department of Financial Services within three years. The notice requirement is a condition precedent to filing a lawsuit alleging tort liability against a state agency. *Id.* § 768.28(6)(b). UFBOT says that under Florida law a plaintiff's complaint must also allege that such notice was provided. *Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. Dist. Ct. App. 2004).

Although Dr. Paylan alleges in her amended complaint that "[p]roper and timely notice of this claim, as required, has been made to all Defendants, as well as any and all conditions precedent for said action have been met," ECF No. 31 at 13, UFBOT contends that this is insufficient to allege proper notice on DFS.  UFBOT also alleges that Dr. Paylan did not actually provide notice to DFS, offering as evidence an

affidavit of Mike Andrews, the Risk Management Program Administrator for the Division of Risk Management at the Department of Financial Services. ECF No. 33, Ex. A. According to Mr. Andrews, there is no record at the Department of Financial Services of a claim by Dr. Paylan. *Id.* at 4. Thus, UFBOT asserts because Dr. Paylan failed to comply with § 768.28 within the three year statute of limitations, her state law claims against UFBOT should be dismissed with prejudice.

Dr. Paylan submitted a five-page written response, ECF No. 52,[1] with a statement of facts and supporting exhibits. ECF No. 51. In her response, Dr. Paylan contends that her amended complaint sufficiently alleges pre-suit notice. Additionally, Dr. Paylan asserts that she did provide notice to DFS, as evidenced by the copy of the letter she says she sent and by the return receipt stamped received by the Department of Financial Services. *Id.* at Exs. 1–2. Based on this evidence, Dr. Paylan argues that UFBOT is not entitled to summary judgment.

---

[1] Dr. Paylan's original response to UFBOT's motion for summary judgment was filed as ECF No. 41. Dr. Paylan's response was filed *pro se* because at that time she was proceeding without an attorney. On June 7, 2016, a notice of appearance was entered on Dr. Paylan's behalf. Consequently, the Court ordered all further pleadings and motions must be filed through counsel. The Court struck all pending *pro se* motions and responses. (ECF No. 50.) Accordingly, Dr. Paylan's response referred to throughout this Report and Recommendation is the response filed through her counsel. (ECF No. 52.)

In UFBOT's reply, ECF No. 44, UFBOT counters that the notice Dr. Paylan provided to DFS is "materially deficient" because "it does not provide notice of <u>this</u> action" and that Dr. Paylan failed to allege notice to DFS in her amended complaint. *Id.* at 1–2.  UFBOT claims the notice is materially deficient because the notice includes an incorrect case number, includes the dates of July 2011 through March 2012 and into the present, and mentions a lawsuit naming "UF/Shands Medical Center," "University of Florida Shands Medical Center," "Florida Recovery Center," "University of Florida," and "Scott Teitelbaum, M.D," instead of UFBOT, the correct juridical entity named as a defendant in this case.  Because of these deficiencies UFBOT asserts that Dr. Paylan has failed to provide sufficient notice to DFS that Dr. Paylan plans to sue UFBOT. *Id.* at 2.

UFBOT also argues that because Dr. Paylan's amended complaint only alleges generally that Defendants were put on notice instead of expressly alleging that DFS was put on notice, Dr. Paylan has failed to plead adequate compliance with the notice requirements under Florida law.

### III. SUMMARY JUDGEMENT STANDARD

Under Rule 56(a) of the Federal Rule of Civil Procedure, the entry of summary judgment is appropriate only when the Court is satisfied that

"there is no genuine dispute as to any material fact and that the movant party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." *Samples on Behalf of Samples v. Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988).

As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact. If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987). The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.,* 408 F.3d 773, 785–86 (11th Cir. 2005).

## IV. DISCUSSION

### A.   Dr. Paylan sufficiently alleged service on DFS in her amended complaint.

UFBOT first asserts that Dr. Paylan's complaint should be dismissed because she failed to allege in her amended complaint that she gave proper pre-suit notice to DFS.  Relying upon *Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. Dist. Ct. App. 2004) UFBOT argues that the Amended Complaint in this case is deficient because Dr. Paylan did not include an express allegation that she provided the pre-suit notice to DFS, as required by § 768.28.  There are two problems with UFBOT's argument.

First, UFBOT relies upon Florida law for the proposition that the complaint must include an express allegation that pre-suit notice was provided.  This argument incorrectly assumes that Florida law, and not the Federal Rules of Civil Procedure, controls the Court's determination of whether notice has been pled properly.  When a Federal Rule of Civil Procedure expressly deals with an issue, the Federal Rules of Civil Procedure apply and not Florida law. For example, in *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295-99 (11th Cir. 1999), vacated in part, 204

F.3d 1069, 1072 (11th Cir. 2000), the Eleventh Circuit held that the pleading rules set forth in Fed. R. Civ. P. 8(a) preempt § 768.72's requirement that a plaintiff must make a reasonable showing by evidence in the record or by proffer in order to proceed with a claim for punitive damages. The Court there recognized that where there is a Federal Rule of Civil Procedure that addresses an issue the Federal Rules trump any state rule requiring that specific matters must be plead.

Rule 9(c) of the Federal Rules of Civil Procedure expressly addresses the requirement for pleading compliance with conditions precedent. The Rule provides that "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." The required pre-suit notice under Florida law is considered a condition precedent to bringing suit. Fla. Stat. § 768.28(6)(b) (2016). Consequently, Plaintiff is required only to allege generally that she has complied with all conditions precedent to bringing this action. Dr. Paylan has satisfied this requirement.

In Dr. Paylan's amended complaint, she specifically alleges, "Proper and timely notice of this claim, as required, has been made to all Defendants, as well as any and all conditions precedent for said action

have been met." (ECF No. 31 at 13, ¶54.) This allegation is sufficient under Rule 9(c) to allege compliance with the condition precedent to bringing suit that proper notice has been provided.

The result would be the same under Florida law because the Florida Rules of Civil Procedure are the same as Rule 9(c) of the Federal Rules of Civil Procedure. Rule 1.120(c) of the Florida Rules of Civil Procedure like the Federal Rule provides that it is sufficient "to allege generally that all conditions precedent have occurred or been performed." Indeed, this principle was acknowledged by the Court in *Wagatha*— the case UFBOT says requires the Court to dismiss the amended complaint. *Wagatha*, 865 So. 2d at 622 (stating that "a general averment will suffice").

In short, although Dr. Paylan does not specifically allege in her amended complaint that she provided notice of her claim to DFS under § 768.28, because her amended complaint alleges she made proper and timely notice and that she has complied with all conditions precedent her amended complaint is not subject to dismissal.

### B. Dr. Paylan provided DFS with sufficient pre-suit notice.

UFBOT also contends that in addition to failing to plead that she gave pre-suit notice, Dr. Paylan did not actually provide the required notice

to DFS.

In support of UFBOT's argument that it did not receive pre-suit notice, UFBOT has filed an affidavit of Mike Andrews, the Risk Management Program Administrator for the Division of Risk Management of DFS. ECF No. 33, Ex. A.  Mr. Andrews avers in his affidavit that there is no record of a claim on behalf of Dr. Paylan in the computer database "with this case number." (*Id.*)

In response to UFBOT's motion for summary judgment, Dr. Paylan has filed her own affidavit averring that "On April 9, 2014, I wrote my pre-suit notice letter to University of Florida, Shands Medical Center and sent the same letter to Department of Financial Services with the Certified Letter Return Receipt #7013 2630 0001 6548 6598." ECF No. 51-1, ¶3. Further, Dr. Paylan has attached to her affidavit a copy of the letter with a copy of the return receipt acknowledgment to DFS, evidencing that the notice was received by DFS. ECF No. 51-1, pp. 4-6.

In reply, UFBOT does not deny that it received the April 9, 2014 letter. Instead, UFBOT says that even if it received the pre-suit notice letter the pre-suit notice letter is materially deficient and thus failed to provide adequate notice to DFS of this action. ECF No. 44.  According to UFBOT,

the notice is materially deficient and not in compliance with § 768.28 in three ways.

First, UFBOT asserts that the notice is deficient because the case number on the notice is incorrect. The notice in the reference section of the letter includes the case number "2011-10006." While it is unclear as to which case the number refers, it makes no difference for the Court's analysis of whether the notice provided sufficient pre-suit notice of the claims in this case. The notice was sent to DFS on April 9, 2014, more than one year *before* this case was filed on July 31, 2015. Consequently, Dr. Paylan was not able to provide on the notice the case number for this case because this case had not yet been filed. Thus, the fact that the pre-suit notice letter does not include the case number from this case makes no difference as to whether the notice is sufficient.

Second, UFBOT asserts that the date of loss included in the notice is not the date of loss Dr. Paylan alleges in this case. In her notice Dr. Paylan identifies the date of loss as "July 2011 through March 2012-and to present." UFBOT says this is at odds with Dr. Paylan's allegation in this case that August 2, 2011 is the date at issue in this matter. *See,* ECF No. 31, ¶¶ 27, 42, 103, 114-15, 135. While August 2, 2011 is the date Dr.

Paylan alleges Dr. Teitlebaum forwarded a false medical report to the Florida Board of Medicine, her claim is by no means limited to actions occurring only on August 2, 2011 but instead covers the month before then and, according to Dr. Paylan, continued thereafter.

Third, UFBOT says the notice is defective because Dr. Paylan's April 9, 2011 pre-suit notice letter identified the possible state agency defendants as "UF/Shands Medical Center," "University of Florida Shands Medical Center," "Florida Recovery Center," and "University of Florida" instead of identifying the potential defendant as the "University of Florida Board of Trustees." According to UFBOT, the misidentification of the UFBOT is a material deficiency under the notice provisions of § 768.28 and therefore because Dr. Paylan did not strictly comply with the pre-suit notice requirements of § 768.28 the amended complaint is subject to dismissal.

UFBOT relies upon *Maynard v. State Department of Corrections*, 864 So. 2d 1232 (Fla. 1st DCA 2004) as support for its argument. *Maynard* however, is distinguishable from this case. In *Maynard*, the court addressed the trial court's dismissal of a case against the Department of Corrections for failure to comply with the pre-suit notice provisions of § 768.28**.** *Id.* at 1233. Specifically, the pre-suit notice letter sent to the

Department of Insurance in *Maynard*, as required by the statute at that time,[2] did not name the Department of Corrections and instead only named Liberty County, and identified the incorrect correctional facility involved in the action. *Id.* at 1234.  A separate letter sent to the Department of Corrections, however, named the correct facility but was never sent to the Department of Insurance. Consequently, in *Maynard* the Department of Insurance had no reason to investigate the action on behalf of the Department of Corrections because it had no knowledge of the correctional facility where the claim occurred.  The *Maynard* Court found that the plaintiff did not comply with the pre-suit notice requirements and, therefore, affirmed the dismissal of the claims against the Department of Corrections due to "material deficiencies which frustrate the purpose of the statute." (*Id.*)

As a starting point, the statute does not contain specific requirements that must be included in the pre-suit notice. *See* Fla. Stat. § 768.28; *LaRiviere v. South Broward Hosp. Dist.*, 889 So. 2d 972, 974 (Fla.

---

[2] At the time of *Maynard*, the statute required notice to the proper department and to the Department of Insurance. Now, however, the statute requires notice to the Department of Financial Services rather than the Department of Insurance.

*Case No: 1:15-cv-159-MW-GRJ*

4th DCA 2004) (noting that "the form of notice is not specified"); *Vargas v. City of Fort Meyers*, 137 So. 3d 1031, 1034 ("The cases to date yield no talismanic rule as to the specificity of the notice."). Consequently, while UFBOT argues that the notice is deficient it cannot point to any particular requirement of the statute with which the notice failed to comply.

In determining whether the notice is sufficient most courts agree that to comply with § 768.28, the notice must be specific enough to put DFS on notice of a claim and demand so that DFS can investigate the claim. *LaRiviere*, 889 So. 2d at 974; *Franklin v. Palm Beach Cty.*, 534 So. 2d 828, 829 (Fla. Dist. Ct. App. 1988) ("[I]t follows that any manner of submitting a written notice of the claim to the agency involved that sufficiently describes or identifies the occurrence so that the agency may investigate it, satisfies the statute." (quoting *Whitney v. Marion Cty. Hosp. Dist.*, 416 So. 2d 500, 502 (Fla. Dist. Ct. App. 1982)).  Thus, if the pre-suit notice was sufficient to alert DFS to the claim so that it could investigate the matter the pre-suit notice complies with the statute.

A review of Dr. Paylan's pre-suit notice letter readily evidences that it was more than sufficient to place the DFS on notice that Dr. Paylan was

going to make a claim against the University of Florida Shands Hospital for conduct that took place from July 2011 forward at the Florida Recovery Center.

For example, in Dr. Paylan's April 9, 2014 letter to DFS, she states, "Pursuant to Florida Statute § 768.28, this correspondence constitutes notice of the claim . . . against the University of Florida, Shands Medical Center . . . and Florida Recover Center . . . ." ECF No. 51, Ex. A. Dr. Paylan goes on to describe in her letter that the events relevant to her claim occurred "beginning on July 19, 2011 and continuing through March 16, 2012" and then she describes in some detail what she says happened to her at the Florida Recovery Center. The DFS was thus fully able to investigate the claim prior to the filing of suit by Dr. Paylan. The April 9, 2011 pre-suit notice letter provided the DFS with the name of the claimant, the dates when the occurrence took place, the place where the conduct occurred and even identified Dr. Teitlebaum by name so that the DFS could investigate Dr. Paylan's claim before she filed it.  While the pre-suit notice letter did not specifically identify the University of Florida Board of Trustees, as the named defendant, there was no mystery in the pre-suit

notice who was going to be sued for conduct identified in the pre-suit notice letter.

Accordingly, although Dr. Paylan's April 9, 2014 pre-suit notice letter sent to DFS did not specifically name UFBOT, this shortcoming does not frustrate the purpose of § 768.28 and is more than sufficient to provide notice to the DFS of the claims Dr. Paylan has brought in this case. UFBOT's motion for summary judgment is, therefore, due to be denied.

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that UFBOT's Motion for Summary Judgment, ECF No. 33, should be **DENIED**.

**IN CHAMBERS** this 6th day of September, 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations**

**as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.