UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTINA PAYLAN, M.D.,   CASE NO.:   1-15-cv-159-MW-GRJ

    Plaintiff,

vs.

SCOTT TEITELBAUM, MD, in his individual and official capacities, UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, a state-operated entity,

    Defendants.
_____/

## DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER TO QUASH SUBPOENA DUCES TECUM FOR DEPOSITION OF CONNIE PRUITT

**COME NOW** the Defendants SCOTT TEITELBAUM, M.D. and UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, through undersigned counsel and hereby move this Court for an entry of an Order quashing the subpoena duces tecum for deposition served on witness Connie Pruitt, and in support thereof state as follows:

    1.    Discovery cut-off in this matter was extended by Order [65] of the Court to May 31, 2017.

    2.    On Sunday, May 14, 2017, Plaintiff corresponded to undersigned counsel requesting the scheduling of additional depositions, including the deposition

of Connie Pruitt (see attached hereto as Exhibit "A."). At the time of this correspondence, Plaintiff was still represented by counsel. It should be noted that this communication of May 14 was the first time that Plaintiff, either *Pro Se* or represented by counsel, expressed any desire to depose Ms. Pruitt.

3. On May 15 and 16, 2017, after this Court granted Plaintiff's Motion to Proceed Pro Se, the undersigned communicated in person with Plaintiff while attending other depositions in this matter. The undersigned advised Plaintiff that he would attempt to accommodate Plaintiff's requests for additional depositions and would need to communicate with some of the requested deponents (see attached hereto as Exhibit "B.").

4. On May 18, 2017, the undersigned advised Plaintiff that he had moved and cancelled other legal and professional commitments to accommodate Plaintiff's requests and provided additional dates for potential depositions (Exhibit "B.").

5. In response to undersigned counsel's availability for continued discovery depositions, Plaintiff proposed dates for the witnesses (attached hereto as Exhibit "C.").

6. Upon learning from Ms. Pruitt that she was unavailable due to out of state travel, undersigned counsel advised Plaintiff that she would be unavailable for the *proposed* date of May 24, 2017, for her deposition (see attached hereto as Exhibit "D.").

7. Despite being advised that Ms. Pruitt was unavailable for her deposition on May 24, Plaintiff unilaterally set the deposition of Ms. Pruitt and stated that Plaintiff was serving her with a subpoena, regardless of her availability, forcing counsel to file an emergency motion for protective order. Indeed, her response was "She will get a subpoena to which you can reply then." (see attached hereto as Exhibit "E.")

8. On May 22, 2017 at 2:50 p.m., Ms. Connie Pruitt was served with a subpoena for deposition scheduled on May 24, 2017 at 8:00 a.m., a date she will be out of state and unavailable (see attached hereto Exhibit "F."). The subpoena also requires Ms. Pruitt to produce documents at the deposition. *Id.*

9. Plaintiff's late, unilateral scheduling of Ms. Pruitt's deposition fails to comply with Federal Rule of Civil Procedure 30(b)(1), which requires reasonable written notice. Indeed, Ms. Pruitt was served with a subpoena only approximately 40 hours in advance of the deposition. Additionally, Plaintiff has to date failed to serve any written notice of the deposition to the undersigned. The undersigned only learned of the notice of the deposition after being notified by Ms. Pruitt.

10. Other courts have recently granted protective orders based on insufficient notice in advance of a deposition. *Kolon Industries Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160 (4th Cir. 2014). In *Kolon*, the Fourth Circuit upheld a district court's finding that five-days' notice was unreasonable notice under Rule

30(b)(1). *Id.* at 173. Plaintiff's subpoena, served less than two full days in advance of the scheduled deposition is a more egregious violation of the same reasonable notice requirement of Rule 30(b)(1).

11.  Furthermore, it is unreasonable for Plaintiff to schedule a deposition for a date when Plaintiff has previously been advised that the deponent will be out of state and unavailable. Plaintiff first advised of a desire to depose Ms. Pruitt on May 14, 2017, less than three weeks prior to the discovery cutoff. The undersigned has made many efforts to accommodate Plaintiff's requests. Plaintiff's delayed deposition requests and Plaintiff's unilateral scheduling of a deposition are both unreasonable and unwarranted.

**WHEREFORE,** Defendants request this Court enter a Protective Order quashing the deposition of Connie Pruitt, and any and all sanctions this Court deems just and proper for the filing of this emergency motion.

### Rule 7.1(B) Certificate of Conference

On May 22, 2017, undersigned counsel contacted Plaintiff by email to ask whether Plaintiff consented or objected to this motion. Plaintiff responded that she opposes the motion.

### Rule 7.1(F) Certificate of Compliance

This Motion is 735 words, excluding the case style, signature block, and certificate of service.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the CM/ECF system which will send electronic notice of such filing to Christina B. Paylan, M.D., P.O. Box 66442, St. Pete Beach, FL 33736, drpaylan@bodytuck.com, this 23rd day of May, 2017.

                          **DELL GRAHAM, P.A.**

                          John D. Jopling
                          Florida Bar No.: 348104
                          jjopling@dellgraham.com
                          Brent D. Hartman
                          Florida Bar No.: 106382
                          bhartman@dellgraham.com
                          203 NE 1st Street
                          Gainesville, FL 32601
                          (352) 372-4381
                          Attorneys for Defendant