IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTINA PAYLAN, M.D.,

    Plaintiff,
v.                                                 CASE NO. 1:15-cv-159-MW-GRJ

SCOTT TEITELBAUM, et al.,

    Defendants.
_____/

## O R D E R

    Pending before the Court are: (1) Defendants' Emergency Motion for Protective Order to Quash Subpoena Duces Tecum for Deposition of Connie Pruitt, ECF No. 89, and (2) Defendants' Opposed Emergency Motion for Protective Order to Quash Plaintiff's Unofficial Notice of Nancy Goodwin's Deposition. ECF No. 90.  The motions were filed as emergencies because the depositions were scheduled to take place tomorrow. While Plaintiff has not had an opportunity to file a response the Court concludes that a response is not necessary because as to the scheduled deposition of Connie Pruitt Plaintiff did not provide reasonable notice of the deposition.

    With regard to the motion for protective order of the deposition of Connie Pruitt, Ms. Pruitt is not available for deposition on May 24 due to

out of state travel. Defendant's counsel advised Plaintiff that Ms. Pruitt was not available for deposition on May 24, 2017, because of the out of state travel.  Plaintiff, nonetheless, served a subpoena for deposition on Ms. Pruitt on May 22, 2017 at 2:50 PM, for a deposition scheduled for May 24, 2017 at 8:00 AM.

Rule 30(b)(1) of the Federal Rules of Civil Procedure, provides in relevant part that "A party who wants to depose a person by oral questions must give reasonable notice to every other party."  "There is no hard-and-fast rule that provides the parameters of reasonable notice. At the very least, however, the reasonableness of any notice is contingent upon the specific facts of a case." *Williams v Mitchell,* Case No. 3:03-CV-842-WDS, 2005 WL 3533550 *1 (S.D. Ill. Dec. 21, 2005)(*citations omitted).* In most district courts ten (10) days notice is considered reasonable.[1]  And while exigent circumstances may necessitate shorter notice in limited circumstances this case is not one of them.  The parties have had more than sufficient time to take discovery during the last year. Frantically, attempting to squeeze-in last minute depositions is not one of the circumstances that justifies providing shorter notice.  Moreover, providing

---

[1] For example, in the Middle District of Florida the Local Rules mandate that a party noticing a deposition must give a minimum of ten days written notice although giving substantially more than ten days notice is strongly encouraged. *See, Middle District Discovery (2001)* at II.A.1., p. 5.

*Case No. 1:15-cv-159-MW-GRJ*

only approximately a day and a half notice to a third party deponent is under almost all circumstances unreasonable and creates a burden on the deponent and opposing counsel.

Further, to the extent that the subpoena requests the witness to produce documents, the subpoena is unreasonable by requiring a party to produce documents on only two days notice. And to the extent that the deponent is requested to produce documents that are in the possession of Defendants, and not the deponent, the subpoena duces tecum circumvents the thirty day period of time a party is afforded under the Federal Rules of Civil Procedure in which to produce documents in response to a document request.

Even though the Court is entering a protective order to prevent Ms. Pruitt's deposition from proceeding, because the parties attempted to schedule the deposition before the discovery deadline, the Court will permit Plaintiff to proceed with a deposition of Ms. Pruitt on a mutually convenient date and time during the week of May 29th or during the week of June 5, 2017. The discovery deadline is therefore extended for the limited purpose of allowing Plaintiff to conduct the deposition of Connie Pruitt no later than the week of June 5, 2017.

With regard to the unofficial deposition of Nancy Goodwin, Plaintiff is

not permitted to take the deposition of Ms. Goodwin on May 24, 2017, because any notice of the deposition at this late date also would be unreasonable. However, because no subpoena has been served nor any notice of deposition provided to Defendants it is premature to enter a protective order with regard to Ms. Goodwin's deposition. Plaintiff is advised, however, that if she subpoenas Ms. Goodwin to appear for a deposition on short notice the subpoena will be quashed and Plaintiff could be subjected to sanctions for unreasonable conduct.

Accordingly, upon due consideration, it is **ORDERED**.

1.   Defendants' Emergency Motion for Protective Order to Quash Subpoena Duces Tecum for Deposition of Connie Pruitt, ECF No. 89, is **GRANTED**. The subpoena served on Connie Pruitt is **QUASHED** and Ms. Pruitt is protected from having to appear for deposition on May 24, 2017.

2.   Defendants' Opposed Emergency Motion for Protective Order to Quash Plaintiff's Unofficial Notice of Nancy Goodwin's Deposition, ECF No. 90, is **DENIED as premature.**

**DONE AND ORDERED** this 23rd   day of May 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge