IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTINA PAYLAN, M.D.,

      Plaintiff,

v.                                CASE NO. 1:15-cv-159-MW-GRJ

SCOTT TEITELBAUM, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 67, UFBOT's Motion to Dismiss Plaintiff's Corrected Amended Complaint. Plaintiff filed a response, ECF No. 70, and the motion is ripe for review. For the reasons explained below, it is recommended that UFBOT's Motion to Dismiss be granted.

## I.  BACKGROUND

Plaintiff initiated this case by filing a *pro se* complaint under 42 U.S.C. § 1983 and under state laws against Defendants Scott Teitelbaum, the University of Florida, and UF & Shands Florida Recovery Center. (ECF No. 1.) Defendants filed three motions to dismiss in response to the complaint. (ECF Nos. 6, 9, 16.) The Court dismissed the University of Florida and UF & Shands Recovery Center as improperly named parties

and dismissed Plaintiff's claims for First Amendment retaliation and unjust enrichment. (ECF No. 25.) The Court also struck Plaintiff's claims for attorney's fees and punitive damages against the University of Florida. (*Id.*)

On April 21, 2016, Plaintiff filed a corrected amended complaint ("Complaint"), naming Scott Teitelbaum, in his individual and official capacities, and the University of Florida Board of Trustees ("UFBOT") as Defendants. (ECF No. 31.)  UFBOT then filed a motion for summary judgment, ECF No. 33, which the Court denied. (ECF No. 59.) Additionally, Defendants filed a Motion to Strike and Motion to Dismiss, which the Court granted in part and denied in part. (ECF Nos. 34, 60, 61.)

Then on March 9, 2017, UFBOT filed a second motion to dismiss, arguing for the first time that the Court should dismiss all claims against UFBOT because UFBOT is entitled to sovereign immunity under the Eleventh Amendment. (ECF No. 67.) In Plaintiff's response, she concedes that her federal claims against UFBOT may be barred by the Eleventh Amendment but argues that Plaintiff's claims arising from state law violations are not barred. (ECF No. 70.)

While the Court concludes that UFBOT is entitled to Eleventh Amendment immunity and that no exceptions apply, the resolution of that

issue is a little more complicated from the argument advanced by UFBOT

in its motion to dismiss. In determining whether UFBOT is entitled to

Eleventh Amendment immunity the Court first must determine whether

UFBOT qualifies as an "arm of the state."  And secondly, if it does, the

Court must determine whether UFBOT's failure to raise sovereign immunity

until it filed its second motion to dismiss waives the defense.

## II. DISCUSSION

Under the Eleventh Amendment, states and state agencies cannot

be sued in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465

U.S. 89, 100 (1984); *Abusaid v. Hillsborough Cty. Bd. of Cty. Comm'rs*,

405 F.3d 1298, 1302 (11th Cir. 2005). Federal jurisdiction over suits

against states and their agencies is possible, however, where the state

consents or where Congress abrogates the state's Eleventh Amendment

immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304

(1990). Thus, the Court must first determine whether UFBOT is entitled to

Eleventh Amendment protections and then determine whether sovereign

immunity protects UFBOT against the claims in this case.

**A. UFBOT qualifies as a state agency and an "arm of the state," and is therefore entitled to Eleventh Amendment protections.**

The Eleventh Amendment applies to "arms of the state," including

state agencies. *See Pennhurst State Sch. & Hosp.*, 465 U.S. at 100;

*Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*). The

Eleventh Circuit considers multiple factors to determine whether a

defendant is an "arm of the state": "(1) how state law defines the entity; (2)

what degree of control the State maintains over the entity; (3) where the

entity derives its funds; and (4) who is responsible for judgments against

the entity." *Id.* at 1309. Thus, "the resolution of the Eleventh Amendment

issue in this case depends, in part, on state law." *Id.*

 The University of Florida is a "state university," and "'state

universities' as used in the [Florida] Constitution and the Florida Statutes

are agencies of the state which belong to and are part of the executive

branch of state government." Fla. Stat. §§ 1000.21(6)(a), 1001.705(1)(d).

UFBOT is the proper entity to be sued in cases against the University of

Florida. *See* Fla. Stat. § 1001.72(1); *Hui Li v. Univ. of Fla. Bd. Of Trustees*,

No 1:14-cv-236-RS-GRJ, 2015 WL 1781578, at *2 (N.D. Fla. Apr. 20,

2015) (stating that UFBOT is the only University of Florida entity with the

capacity to be sued).  Additionally, UFBOT "is constituted as a public

instrumentality," and state university boards of trustees, like UFBOT, are

considered "state agencies" for the purposes of sovereign immunity. Fla.

Stat. §§ 768.28(2), 1001.72(2). Accordingly, under Florida law, UFBOT is considered a state agency or instrumentality.

The Eleventh Circuit and other federal district courts in Florida, which have considered whether boards of trustees of other Florida public universities are entitled to Eleventh Amendment immunity, have reached the same conclusion. *See, e.g.*, *Crisman v. Fla. Atl. Univ. Bd. of Trs.*, 572 F. App'x 946 (11th Cir. 2014) (Florida Atlantic University); *Jefferson v. Fla. State Univ. Bd. of* Trs., No. 4:11cv151-RS/CAS, 2012 WL 1802152 (N.D. Fla. Apr. 12, 2012) (Florida State University); *Saavedra v. USF Bd. of Trs.,* No. 8:10-cv-1935-T-17TGW, 2011 WL 1742018 (M.D. Fla. May 6, 2011) (University of South Florida); *Schultz v. Bd. of Trs. of Univ. of W. Fla.*, No. 3:06cv442-RS-MD, 2007 WL 1490714 (N.D. Fla. May 21, 2007) (University of West Florida). Thus, UFBOT is properly characterized as an "arm of the state" and a state agency for the purposes of Eleventh Amendment immunity.

## B. The Eleventh Amendment bars Plaintiff's claims against UFBOT because no exception to Eleventh Amendment immunity applies to Plaintiff's federal or state law claims.

Because UFBOT is a state agency, Plaintiff's claims against UFBOT are barred by the Eleventh Amendment unless Congress validly abrogated

that immunity or the state waived the immunity, consenting to suit in federal court for Plaintiff's claims. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Neither of these exceptions apply in this case with regard to Plaintiff's federal and state law claims.

With regard to Plaintiff's federal law claims, Congress may abrogate a state's Eleventh Amendment immunity if "Congress has 'unequivocally expresse[d] its intent to abrogate the immunity'" and if "Congress has acted 'pursuant to a valid exercise of power.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). Relevant to Plaintiff's claims against UFBOT, Congress has not abrogated states' Eleventh Amendment immunity for § 1983 claims. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1301 (11th Cir. 2007) (citing *Miller v. King*, 384 F.3d 1248, 1259–60 (11th Cir. 2004)).

Because Congress has not abrogated Eleventh Amendment immunity for Plaintiff's federal law claims, Plaintiff's federal law claims are barred unless the state waives its Eleventh Amendment immunity. The state has not done so here. Florida's statutory waiver of sovereign immunity in § 768.28, Florida Statutes, with regard to claims in state court

"does not constitute consent to suit in federal court under § 1983." *Gamble v. Fla. Dep't of Health & Rehab. Servs.*, 779 F.2d 1509, 1514–15 (11th Cir. 1986). Accordingly, Plaintiff's § 1983 claims against UFBOT are due to be dismissed.[1]

With regard to Plaintiff's state law claims, "a State may consent to suit against it in federal court" if the consent is "unequivocally expressed." *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99. Notably, "a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation [or] stating its intention to 'sue and be sued.'" *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) (citation omitted); *see also Robinson v. Ga. Dep't of Transp.*, 966 F.2d 637, 640 (11th Cir. 1992).

There has been no unequivocally expressed consent to be sued in federal court with respect to any of Plaintiff's claims. The fact that UFBOT has the capacity to sue and be sued does not constitute a waiver of Eleventh Amendment immunity. *See Coll. Sav. Bank*, 527 U.S. at 676. Additionally, Florida's consent to be sued for tort claims in state court in §

---

[1] Even if the Eleventh Amendment did not bar Plaintiff's § 1983 claims against UFBOT, Plaintiff's claims have no merit. UFBOT, as a state agency, is not a "person" within the meaning of 42 U.S.C. § 1983 and thus is not liable under that statute.

768.28, Florida Statutes, does not allow tort claims against Florida in federal court. *See Schopler v. Bliss*, 903 F.2d 1373, 1379 (11th Cir. 1990) ("This court has held that section 768.28 does not waive Florida's Eleventh Amendment immunity.")

Moreover, Florida unequivocally has expressed its desire to maintain its Eleventh Amendment immunity. Fla. Stat. § 768.28(18) ("No provision of this section, or any other action of the Florida Statutes . . . shall be construed to waive the immunity of the state or any of its agencies from suit in federal court, as such immunity is guaranteed by the Eleventh Amendment to the Constitution of the United States, unless such waiver is explicitly and definitely stated to be a waiver of the immunity of the state and its agencies from suit in federal court."). Without an unequivocal waiver of its sovereign immunity, Plaintiff cannot bring her state law claims against UFBOT in federal court.

The fact that UFBOT did not raise sovereign immunity in its first motion to dismiss does not constitute a waiver of its Eleventh Amendment immunity. Such conduct is "readily distinguishable from the limited situations where [the Supreme] Court has found a State consented to suit." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 547 (2002); *see also*

*Coll. Sav. Bank*, 527 U.S. at 675, 682 (stating that waiver exists when a state "voluntarily invokes [federal court] jurisdiction" and when the state makes a "clear declaration" of a waiver). While the Supreme Court has not definitively said whether Eleventh Amendment immunity is a matter of subject matter jurisdiction, the Eleventh Circuit has declared that "Eleventh Amendment jurisdictional questions can be raised for the first time on appeal." *Doe v. Moore*, 410 F.3d 1337, 1349 (11th Cir. 2005). Because failing to raise the issue of Eleventh Amendment immunity until a second motion to dismiss does not constitute a clear declaration of waiver of the immunity, UFBOT is entitled to Eleventh Amendment immunity for all of Plaintiff's claims.

UFBOT is a state agency and "arm of the state" for Eleventh Amendment purposes and Congress has not abrogated Eleventh Amendment immunity for the claims involved in this case. And because UFBOT has not unequivocally expressed its consent to be sued in federal court, Plaintiff's claims against UFBOT are due to be dismissed.

### III. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

UFBOT's Motion to Dismiss Plaintiff's Corrected Amended Complaint, ECF No. 67, should be **GRANTED**. UFBOT should be dismissed as a party in this case based upon Eleventh Amendment

immunity.

**IN CHAMBERS** this 23rd day of May 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**