UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTINA PAYLAN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 1:15-cv-159-MW-GRJ

SCOTT TEITELBAUM,

    Defendant.

## ORDER

Pending before the Court is ECF No. 113, Plaintiff's Motion for Reconsideration of the Order Granting Protective Order for Dr. Regina Bussing. Plaintiff requests the Court to reconsider the Court's recent order granting the motion for protective order regarding the deposition of Dr. Regina Bussing.

## DISCUSSION

A motion for reconsideration is "an extraordinary remedy" and is only used sparingly. *Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 591 (N.D. Fla. 2010). Further, reconsideration under Rule 59(e) "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 686 (M.D. Ga. 1996). Although Rule 59(e) does not

set forth the grounds for relief, district courts in this circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994). None of those circumstances are present here.

Plaintiff argues that the Court did not address a pivotal issue which is fundamental to Plaintiff's claims. According to Plaintiff, one of the main issues in this case concerns the policy at the Florida Recovery Center in 2011, which required the admission of Plaintiff into a partial hospitalization unit in order to be evaluated. Plaintiff says the policy eventually was changed around 2014 to then only require evaluation on an out patient basis. Plaintiff says the policy changed when Dr. Bussing become Chair of the Department of Psychiatry in 2014. As a result, Plaintiff says that Dr. Bussing has personal knowledge concerning the change in policy, which authorized evaluation on an out patient basis rather than evaluation for a substance abuse disorder during partial hospitalization.

The Court finds no reason to reconsider its previous order. The Court did not fail to take into account the argument advanced by Plaintiff. In her opposition to Defendant's motion for protective order, Plaintiff argued that

she needed to depose Dr. Bussing regarding the 2014 change in the policy at the Florida Recovery Center, which prior to 2014, required the evaluation of patients for substance abuse disorders while the patients were in partial hospitalization. Plaintiff says the change in policy came about due to her complaints and protests. The Court considered this argument, as well as the variety of other reasons Plaintiff advanced, when the Court determined that there was no reason for the deposition of Dr. Bussing to go forward.

    Plaintiff's argument, advanced in her motion for reconsideration, ignores the fact that the claims she describes are not part of the remaining claims against Dr. Teitlebaum. Plaintiff's remaining claims against Dr. Teitlebaum include § 1983 claims against Dr. Teitelbaum for fabrication of evidence that led to Plaintiff allegedly being falsely imprisoned at the Florida Recovery Center and which she says resulted in an unlawful search and seizure, as well as a state law claim for fraud regarding misrepresentations made to Plaintiff in 2011 about the procedures at the Florida Recovery Center.

    The policy of the Florida Recovery Center—which Plaintiff says changed around 2014 to then allow for out patient evaluation, rather than partial hospitalization—has nothing to do with Dr. Teitelbaum's conduct in

2011, which allegedly involved fabricating evidence, permitting an unlawful search and seizure of Plaintiff, and communicating misrepresentations about the policies and procedures of the Florida Recovery Center to Plaintiff.  There is no allegation or suggestion in this case that Dr. Teitelbaum created the policy in place in 2011, which required partial hospitalization. In short, whatever personal knowledge Dr. Bussing may have about the change in the partial hospitalization policy that occurred around 2014 is irrelevant to any of the claims remaining against Dr. Teitelbaum.

    To the extent Plaintiff is attempting to challenge the propriety of the policy at the Florida Recovery Center, which required evaluation during partial hospitalization, rather than on an out patient basis, Plaintiff 's claim, if any, is against the University of Florida and those who created the policies, and not Dr. Teitlebaum, an employee of the University of Florida . Those claims are not part of this case because the University of Florida Board of Trustees was dismissed from this lawsuit based on Eleventh Amendment Immunity. Consequently, if Plaintiff wishes to pursue claims for damages against the University of Florida based upon the partial hospitalization policies in effect in 2011, Plaintiff would have to pursue

those claims (assuming Plaintiff's allegations state a claim) in state court but not in federal court.

In sum, the Court did not overlook Plaintiff's argument in entering a protective order regarding Dr. Bussing's deposition. While Dr. Bussing may know something about the change in policy neither the propriety of the policy nor the change in the policy have any relevance to Plaintiff's remaining claims in this case against Dr. Teitlebaum.

Accordingly, upon due consideration, it is **ORDERED:**

Plaintiff's Motion for Reconsideration of the Order Granting Protective Order for Dr. Regina Bussing, ECF No. 113, is **DENIED**.

**DONE AND ORDERED** this 9th day of June 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate